# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |  |
|---|---|---|
| ADAPTIX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:12cv22 |
| | ) | |
| ALCATEL-LUCENT USA, INC. and | ) | **JURY TRIAL DEMANDED** |
| AT&T, INC., | ) | |
| AT&T MOBILITY LLC, | ) | |
| CELLCO PARTNERSHIP d/b/a | ) | |
| VERIZON WIRELESS and | ) | |
| SPRINT SPECTRUM L.P, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which plaintiff, ADAPTIX, Inc. ("ADAPTIX"), complains against defendants, Alcatel-Lucent USA, Inc. ("Alcatel"), AT&T, Inc., AT&T mobility LLC (together "AT&T"), Cellco Partnership d/b/a/ Verizon Wireless ("Verizon") and Sprint Spectrum L.P. ("Sprint"), as follows:

## THE PARTIES

1.      ADAPTIX is a Delaware corporation with its principal place of business at 4100 Midway Road, Suite 2010, Carrollton, Texas 75007.

2.      On information and belief, Alcatel is a Delaware corporation with its principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey 07974 and does business in this judicial district at 3400 West Plano Parkway, Plano, Texas 75075, and by, among other things, committing directly and/or indirectly the tort of patent infringement

giving rise to this complaint.  Alcatel's registered agent for service of process in Texas is Prentice Hall Corporation System, 211 East 7th Street, Suite 620, Austin, Texas 78701.

3.     On information and belief, AT&T, Inc. is a Delaware corporation with its principal place of business at 208 Akard Street, Dallas, Texas 75202 and regularly does business throughout this judicial district.  AT&T, Inc.'s registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

4.     On information and belief, AT&T Mobility LLC is a Delaware corporation with its principal place of business at Glenridge Highlands Two, 5565 Glenridge Connector, Atlanta, Georgia 30342 and does business in this judicial district at 5976 West Parker Road, Plano, Texas 75093, and by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint.  AT&T Mobility LLC's registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

5.     On information and belief, Verizon is a Delaware corporation with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920 and does business throughout this judicial district and by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint.  Verizon's registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Alternatively, Verizon may be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Verizon at its principal place of business at1 Verizon Way, Basking Ridge, New Jersey 07920.

6.      On information and belief, Sprint is a Delaware corporation with its principal

place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251 and does business

throughout this judicial district and by, among other things, committing directly and/or

indirectly the tort of patent infringement giving rise to this complaint.  Sprint's registered

agent for service of process in Texas is Corporation Service Company, 211 E. 7th Street, Suite

620, Austin, Texas 78701

### JURISDICTION AND VENUE

7.      This action arises under the patent laws of the United States, Title 35 of the

United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1338(a).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b, c) and

1400(b).  On information and belief, each defendant has purposely transacted business in this

judicial district and has committed acts of direct and/or indirect infringement in this judicial

district.

9.      On information and belief, each defendant is subject to this Court's specific

and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute,

due at least to their substantial business in this forum, including: (A) at least part of their

infringing activities alleged herein, and (B) regularly doing or soliciting business, engaging in

others persistent causes of conduct, and/or deriving substantial revenue from goods and

services provided to persons and other entities in Texas and this judicial district.

### COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 7,146,172)

10.     ADAPTIX is the owner by assignment of United States patent number

7,146,172, entitled "MULTI-CARRIER COMMUNICATIONS WITH ADAPTIVE

CLUSTER CONFIGURATION AND SWITCHING" ("the '172 patent") with ownership of all substantial rights in the '172 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '172 patent is attached as Exhibit A.

11.     On information and belief, Alcatel is directly and/or indirectly infringing at least one claim of the '172 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services sold to AT&T, Verizon, Sprint and others which, at a minimum, directly infringe the '172 patent.  Alcatel is thereby liable for infringement of the '172 patent pursuant to 35 U.S.C. § 271.  Alcatel's infringement has caused damage to ADAPTIX, which infringement by defendants and damage to ADAPTIX will continue unless and until Alcatel is enjoined.

12.     On information and belief, AT&T is directly and/or indirectly infringing at least one claim of the '172 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services which, at a minimum, directly infringe the '172 patent. AT&T is thereby liable for infringement of the '172 patent pursuant to 35 U.S.C. § 271. AT&T's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until AT&T is enjoined.

13.     On information and belief, Verizon is directly and/or indirectly infringing at least one claim of the '172 patent in this judicial district and elsewhere in Texas and the

United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services which, at a minimum, directly infringe the '172 patent. Verizon is thereby liable for infringement of the '172 patent pursuant to 35 U.S.C. § 271. Verizon's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until Verizon is enjoined.

14.     On information and belief, Sprint is directly and/or indirectly infringing at least one claim of the '172 patent in this judicial district and elsewhere in Texas and the United States by, among other things, testing, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services which, at a minimum, directly infringe the '172 patent. Sprint is thereby liable for infringement of the '172 patent pursuant to 35 U.S.C. § 271. Sprint's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until Sprint is enjoined.

15.     Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '172 patent in violation of 35 U.S.C. § 271.

16.     The infringement by each defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate.  Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 6,870,808)

17.     ADAPTIX is the owner by assignment of United States patent number 6,870,808, entitled "CHANNEL ALLOCATION IN BROADBAND ORTHOGONAL FREQUENCY-DIVISION MULITPLEPACCESS/SPACEDIVISION MULTIPLE-ACCESS NETWORKS" ("the '808 patent") with ownership of all substantial rights in the '808 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '808 patent is attached as Exhibit B.

18.     On information and belief, Alcatel is directly and/or indirectly infringing at least one claim of the '808 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services sold to AT&T, Verizon, Sprint and others which, at a minimum, directly infringe the '808 patent.  Alcatel is thereby liable for infringement of the '808 patent pursuant to 35 U.S.C. § 271.  Alcatel's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until Alcatel is enjoined.

19.     On information and belief, AT&T is directly and/or indirectly infringing at least one claim of the '808 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services which, at a minimum, directly infringe the '808 patent. AT&T is thereby liable for infringement of the '808 patent pursuant to 35 U.S.C. § 271.

AT&T's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until AT&T is enjoined.

20.     On information and belief, Verizon is directly and/or indirectly infringing at least one claim of the '808 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services which, at a minimum, directly infringe the '808 patent. Verizon is thereby liable for infringement of the '808 patent pursuant to 35 U.S.C. § 271. Verizon's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until Verizon is enjoined.

21.     On information and belief, Sprint is directly and/or indirectly infringing at least one claim of the '808 patent in this judicial district and elsewhere in Texas and the United States by, among other things, testing, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services which, at a minimum, directly infringe the '808 patent. Sprint is thereby liable for infringement of the '808 patent pursuant to 35 U.S.C. § 271. Sprint's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until Sprint is enjoined.

22.     Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '808 patent in violation of 35 U.S.C. § 271.

23.     The infringement by each defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate.  Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

**COUNT III**
(INFRINGEMENT OF U.S. PATENT NO. 7,573,851)

24.     ADAPTIX is the owner by assignment of United States patent number 7,573,851 entitled "METHOD AND SYSTEM FOR SWITCHING ANTENNA AND CHANNEL ASSIGNMENTS IN BROADBAND WIRELESS NETWORKS" ("the '851 patent") with ownership of all substantial rights in the '851 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '851 patent is attached as Exhibit C.

25.     On information and belief, Alcatel is directly and/or indirectly infringing at least one claim of the '851 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services sold to AT&T, Verizon, Sprint and others which, at a minimum, directly infringe the '851 patent.  Alcatel is thereby liable for infringement of the '851 patent pursuant to 35 U.S.C. § 271.  Alcatel's infringement has caused damage and to ADAPTIX, which infringement and damage will continue unless and until Alcatel is enjoined.

26.     On information and belief, AT&T is directly and/or indirectly infringing at least one claim of the '851 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or

importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services which, at a minimum, directly infringe the '851 patent. AT&T is thereby liable for infringement of the '851 patent pursuant to 35 U.S.C. § 271. AT&T's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until AT&T is enjoined.

27.     On information and belief, Verizon is directly and/or indirectly infringing at least one claim of the '851 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services which, at a minimum, directly infringe the '851 patent. Verizon is thereby liable for infringement of the '851 patent pursuant to 35 U.S.C. § 271. Verizon's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until Verizon is enjoined.

28.     On information and belief, Sprint is directly and/or indirectly infringing at least one claim of the '851 patent in this judicial district and elsewhere in Texas and the United States by, among other things, testing, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services which, at a minimum, directly infringe the '851 patent. Sprint is thereby liable for infringement of the '851 patent pursuant to 35 U.S.C. § 271. Sprint's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until Sprint is enjoined.

29.     Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase

systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '851 patent in violation of 35 U.S.C. § 271.

30.     The infringement by each defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate.  Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

**COUNT IV**
(INFRINGEMENT OF U.S. PATENT NO. 6,904,283)

31.     ADAPTIX is the owner by assignment of United States patent number 6,904,283 entitled "MULTI-CARRIER COMMUNICATIONS WITH GROUP-BASED SUBCARRIER ALLOCATION" ("the '283 patent") with ownership of all substantial rights in the '283 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '283 patent is attached as Exhibit D.

32.     On information and belief, Alcatel is directly and/or indirectly infringing at least one claim of the '283 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services sold to AT&T, Verizon, Sprint and others which, at a minimum, directly infringe the '283 patent.  Alcatel is thereby liable for infringement of the '283 patent pursuant to 35 U.S.C. § 271.  Alcatel's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until Alcatel is enjoined.

33.     On information and belief, AT&T is directly and/or indirectly infringing at least one claim of the '283 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services which, at a minimum, directly infringe the '283 patent. AT&T is thereby liable for infringement of the '283 patent pursuant to 35 U.S.C. § 271. AT&T's infringement has caused damage to ADAPTIX which infringement and damage will continue unless and until AT&T is enjoined.

34.     On information and belief, Verizon is directly and/or indirectly infringing at least one claim of the '283 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services which, at a minimum, directly infringe the '283 patent. Verizon is thereby liable for infringement of the '283 patent pursuant to 35 U.S.C. § 271. Verizon's infringement has caused damage to ADAPTIX which infringement and damage will continue unless and until Verizon is enjoined.

35.     On information and belief, Sprint is directly and/or indirectly infringing at least one claim of the '283 patent in this judicial district and elsewhere in Texas and the United States by, among other things, testing, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services which, at a minimum, directly infringe the '283 patent. Sprint is thereby liable for infringement of the '283 patent pursuant to 35 U.S.C. § 271.

Sprint's infringement has caused damage to ADAPTIX which infringement and damage will continue unless and until Sprint is enjoined.

36.     Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '283 patent in violation of 35 U.S.C. § 271.

37.     The infringement by each defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate.  Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

<u>**COUNT IV**</u>
(INFRINGEMENT OF U.S. PATENT NO. 7,072,315)

38.     ADAPTIX is the owner by assignment of United States patent number 7,072,315 entitled "MEDIUM ACCESS CONTROL FOR ORTHOGONAL FREQUENCY-DIVISION MULTIPLE-ACCESS (OFDMA) CELLULAR NETWORKS" ("the '315 patent") with ownership of all substantial rights in the '315 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '315 patent is attached as Exhibit E.

39.     On information and belief, Alcatel is directly and/or indirectly infringing at least one claim of the '315 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services sold to AT&T, Verizon, Sprint and others which, at a

minimum, directly infringe the '315 patent.  Alcatel is thereby liable for infringement of the

'315 patent pursuant to 35 U.S.C. § 271.  Alcatel's infringement has caused damage to

ADAPTIX, which infringement and damage will continue unless and until Alcatel is

enjoined.

40.    On information and belief, AT&T is directly and/or indirectly infringing at

least one claim of the '315 patent in this judicial district and elsewhere in Texas and the

United States by, among other things, making, using, offering for sale, selling and/or

importing computerized communications devices including without limitation Alcatel's End-

to-End 4G LTE products and services which, at a minimum, directly infringe the '315 patent.

AT&T is thereby liable for infringement of the '315 patent pursuant to 35 U.S.C. § 271.

AT&T's infringement has caused damage to ADAPTIX which infringement and damage will

continue unless and until AT&T is enjoined.

41.    On information and belief, Verizon is directly and/or indirectly infringing at

least one claim of the '315 patent in this judicial district and elsewhere in Texas and the

United States by, among other things, making, using, offering for sale, selling and/or

importing computerized communications devices including without limitation Alcatel's End-

to-End 4G LTE products and services which, at a minimum, directly infringe the '315 patent.

Verizon is thereby liable for infringement of the '315 patent pursuant to 35 U.S.C. § 271.

Verizon's infringement has caused damage to ADAPTIX which infringement and damage

will continue unless and until Verizon is enjoined.

42.    On information and belief, Sprint is directly and/or indirectly infringing at least

one claim of the '315 patent in this judicial district and elsewhere in Texas and the United

States by, among other things, testing, making, using, offering for sale, selling and/or

importing computerized communications devices including without limitation Alcatel's End-to-End 4G LTE products and services which, at a minimum, directly infringe the '315 patent. Sprint is thereby liable for infringement of the '315 patent pursuant to 35 U.S.C. § 271. Sprint's infringement has caused damage to ADAPTIX which infringement and damage will continue unless and until Sprint is enjoined.

43.     Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '315 patent in violation of 35 U.S.C. § 271.

44.     The infringement by each defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate.  Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## PRAYER FOR RELIEF

Wherefore, ADAPTIX respectfully requests that this Court enter:

A.     Judgment in favor of ADAPTIX that each defendant has infringed the '172, '808, '851, '283 and '315 patents as aforesaid;

B.     A permanent injunction enjoining each defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct, indirect and/or joint infringement of the '172, '808, '851, '283 and '315 patents pursuant to 35 U.S.C. § 283;

C.      Judgment and order requiring each defendant to pay ADAPTIX its damages

with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;

D.      Any and all further relief to which the Court may deem ADAPTIX entitled.

## DEMAND FOR JURY TRIAL

ADAPTIX requests a trial by jury on all issues so triable by right pursuant to Fed. R.

Civ. P. 38.

Date: January 13, 2012                    **ADAPTIX, INC.**

By: /s/ Paul J. Hayes (w/permission W. Hill)
Paul J. Hayes – LEAD ATTORNEY
Dean G. Bostock
**HAYES, BOSTOCK & CRONIN LLC**
300 Brickstone Square, 9th Fl.
Andover, Massachusetts 01810
Tel: (978) 809-3850
Fax: (978) 809-3869
Email: phayes@hbcllc.com
Email: dbostock@hbcllc.com

T. John Ward, Jr.
Texas State Bar. No. 00794818
J. Wesley Hill
Texas State Bar. No. 24032294
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75606
Tel: (903) 757-6400
Fax: (903) 757-2323
Email: jw@wsfirm.com
Email: wh@wsfirm.com

**ATTORNEYS FOR THE PLAINTIFF
ADAPTIX, INC.**