**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| v. | § | **No. 6:12cv369** |
| **T-MOBILE USA, INC.** | § | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| v. | § | **No. 6:12cv22** |
| **ALCATEL-LUCENT USA, INC. , AND AT&T MOBILITY LLC** | § | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| v. | § | **No. 6:12cv122** |
| **ALCATEL-LUCENT USA, INC. AND CELLCO PARTERNSHIP d/b/a** | § | |
| **VERIZON WIRELESS** | § | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| v. | § | **No. 6:12cv123** |
| **ALCATEL-LUCENT USA, INC. AND SPRINT SPECTRUM L.P.** | § | |

**MEMORANDUM OPINION AND ORDER**

The above cases were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following motions are before the Court:

(1) Plaintiff's Motion for Leave to Supplement Infringement Contentions Pursuant to P.R. 3-6(b)(Cause No. 6:12cv369, Docket Entry #127); and

(2) Plaintiff's Motion for Leave to Supplement Infringement Contentions Pursuant to P.R. 3-6(b)(Cause Nos. 6:12cv22, -122, -123, Docket Entry #s 228, 221, 202).

The Court, having reviewed the relevant briefing and hearing arguments of counsel October 29, 2014, is of the opinion the motions should be **DENIED**.

## I. BACKGROUND

Adaptix, Inc. ("Adaptix") brings suit alleging infringement of United States Patents No. 6,870,808 ("'808 Patent"), 6,904,283 ("'283 Patent"), 7,072,315 ("'315 Patent"), 7,146,172 ("'172 Patent"), and 7,573,851 ("'851 Patent") (collectively, the "Asserted Patents"). In general, the Asserted Patents relate to wireless communications, such as for cellular telephones.

## II. MOTIONS FOR LEAVE TO AMEND

In the above cases, Adaptix moves for leave to amend its infringement contentions to add the theory of doctrine of equivalents ("DOE"). In Cause No. 6:12cv369, Adaptix also seeks to add what the Ericsson/T-Mobile defendants characterize as a new theory of literal infringement, namely that the "frequency selective scheduling" ("FSS") feature be turned off (rather than turned on as claimed in the first amended infringement contentions) and that a different feature referred to as "Random Frequency Start" be used to allegedly create "diversity clusters."[1] (Cause No. 6:12cv369, Docket Entry #127 at pg. 4). In the other cases, the defendants assert Adaptix raises a new theory with respect to the claim limitation "allocating at least one diversity cluster of subcarriers to a first subscriber." (Cause No. 6:12cv22, Docket Entry # 240 at pg. 3).

The Ericsson/T-Mobile defendants as well as the ALU, AT&T, Verizon, and Sprint defendants (collectively "Defendants") oppose Plaintiff's motion to add new theories of

---

[1] These defendants have separately moved to strike these "new theories" from Adaptix's expert reports, where they were first disclosed on July 28, 2014.

infringement, asserting Plaintiff fails to explain why it waited until after fact discovery had closed and after Defendants' opening expert reports were served to file its motions. According to Defendants, Adaptix has not been diligent in seeking leave to amend, and Defendants will suffer severe prejudice if Adaptix is allowed to amend at this late stage of the litigation.

### III.  APPLICABLE LAW

Federal Rule of Civil Procedure 16(b) provides as follows: "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The Fifth Circuit Court of Appeals has stated four factors trial courts must consider when determining whether good cause exits to allow a deviation from the court's scheduling order: (1) the explanation for the failure to [amend within the deadline]; (2) the importance of the [modification of the deadline]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

### IV. GOOD CAUSE ANALYSIS

**A.   Explanation for failure to timely move to amend**

In assessing good cause, the trial court primarily considers the diligence of the party seeking to alter the existing schedule. *See Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D.Kan.1995). The party's explanation for seeking relief from the schedule must demonstrate that it could not have met the deadline despite its diligence. Adaptix's explanation fails to show this.

Fact discovery closed on July 11, 2014. Adaptix first served its contentions over two years ago and amended them twice in late 2013. The parties served opening expert reports on July 28,

2014. Adaptix filed its motions on August 4, seeking leave to amend to add new theories of infringement for claims of the '172 patent.

Adaptix attempts to justify the late timing of its motion by relying on the following: (1) In his May 1, 2014 Order on the objections and motion for reconsideration of the undersigned's claim construction order, Judge Schneider "clarified" the claim the claim construction order in a way that gave rise to the new theories; and (2) with respect to Cause Nos. 6:12cv22, -122, and -123, ALU inhibited Adaptix's review of source code until July 10, 2014, and ALU's technical witnesses were only made available for depositions in June 2014.[2]

According to the defendants in Cause Nos. 6:12cv22, -122, and -123, Adaptix had the requisite documents and source code regarding ALU's implementation for months before it filed its motion, and Adaptix had access to ALU documents since at least April of 2013. Adaptix has offered no reasonable explanation why it waited to file its motion until after opening expert reports were served.

Adaptix argues that without an order from Judge Schneider on Defendants' motion for reconsideration of the February 26, 2014 claim construction order, it was "particularly hard" to determine its infringement theories. However, Judge Schneider ultimately denied Defendants' motion for reconsideration, adopting a similar construction for "diversity cluster" as originally proposed by Adaptix. Judge Schneider did not modify or clarify the construction.

Even assuming Judge Schneider's order did change Adaptix's infringement theory, Adaptix fails to explain why it did not seek leave to amend within 30 days of the entry of Judge Schneider's

---

[2] According to Adaptix, it was not until it was allowed access to this evidence that it was able to determine the applicability of the DOE.

May 1, 2014 order. Instead, Adaptix waited over two more months to file its motions. Adaptix was not diligent in seeking leave to amend.

This factor weighs against allowing Adaptix's amendments.

**B.     Importance of proposed amendments**

According to Adaptix, if its motion is denied it will be prohibited from asserting its theory of the DOE, which would have a significant impact on the substance of Adaptix's claims against Defendants. However, Adaptix does not explain why, and in what capacity, its proposed amendments are critical to its cases. The importance of allowing the proposed amendments falls short for that needed at this late stage.

This factor weighs against allowing leave to amend.

**C.     Potential Prejudice**

Adaptix asserts there are no assertions of any new claims, patents, products, or components that would expand the scope of discovery at this late stage; thus, Defendants will suffer no prejudice as a result of allowing the amendments. The Court disagrees.

As one example of potential prejudice, the Ericsson/T-Mobile defendants assert they informed Adaptix of their understanding that Adaptix had no DOE allegations with respect to the '172 patent, and Adaptix removed all references to the DOE claim from its infringement contentions regarding that patent. As urged by these defendants, permitting Adaptix to add DOE allegations, contrary to its representations throughout discovery, would be unduly prejudicial.

What is more, Defendants assert Adaptix's proposed amendments go beyond the DOE, raising new theories of literal infringement. Defendants have relied on Adaptix's contentions in forming their invalidity positions and in submitting expert opinions.

Given Adaptix's substantial delay in filing its motions, the Court finds the potential prejudice to Defendants is great, while the importance of the amendment to Adaptix is minimal. Thus, this factor weighs against allowing Adaptix's untimely amendments.

**D.     Availability of a Continuance**

A continuance would not cure the potential prejudice to Defendants, as the parties have spent considerable resources on these cases. All discovery is now closed, and dispositive and *Daubert* motions have been filed. This factor also weighs against allowing amendment.

Based on the foregoing analysis, it is

**ORDERED** that (1) Plaintiff's Motion for Leave to Supplement Infringement Contentions Pursuant to P.R. 3-6(b)(Cause No. 6:12cv369, Docket Entry #127); and (2) Plaintiff's Motion for Leave to Supplement Infringement Contentions Pursuant to P.R. 3-6(b)(Cause Nos. 6:12cv22, -122, -123, Docket Entry #s 228, 221, 202) are **DENIED**.

**SIGNED this 12th day of November, 2014.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE