# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| v. | § | No. 6:12cv22 |
| **ALCATEL-LUCENT USA, INC. , AND AT&T MOBILITY LLC** | § | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| v. | § | No. 6:12cv122 |
| **ALCATEL-LUCENT USA, INC. AND CELLCO PARTERNSHIP d/b/a VERIZON WIRELESS** | §<br>§ | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| v. | § | No. 6:12cv123 |
| **ALCATEL-LUCENT USA, INC. AND SPRINT SPECTRUM L.P.** | § | |

## MEMORANDUM OPINION AND ORDER

The above cases were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following motion is before the Court:

> Defendants Alcatel-Lucent USA, Inc., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, and Sprint Spectrum L.P.'s Cross-Motion to Strike Portions of Dr. Wells' Expert Report (Docket Entry #s 241, 236, 215).

The Court, having reviewed the relevant briefing, is of the opinion the motion should be **GRANTED in part**.

On August 4, 2014, Adaptix, Inc. ("Adaptix") filed a motion for leave to supplement its infringement contentions to add the theory of doctrine of equivalents ("DOE") and another infringement theory for its' asserted '172 patent. In conjunction with their opposition to Adaptix's motion, Defendants filed a cross motion to strike the corresponding portions of Adaptix's infringement expert, Dr. Wells' report, with respect to the doctrine of equivalents as well as the reference to ALU's FDS Scheduler as satisfying the "allocating at least one diversity cluster of subcarriers to a first subscriber" limitation, either literally or under the doctrine of equivalents.

In response, Adaptix takes issue with Defendants' argument that Adaptix's proposed amendment – that FDS satisfies the 'allocating at least one diversity cluster of subcarriers to a first subscriber' limitation either literally or under the doctrine of equivalents – was never before disclosed in Adaptix's contentions for the '172 patent. Adaptix further disagrees with Defendants' contention that Adaptix also accuses and includes, for the first time, ALU's FDS Scheduler in conjunction with those claims. According to Adaptix, although it disclosed only general statements with respect to claim 1, it mentioned FDS with respect to the mobility limitations of dependent claim 2. Adaptix does not dispute that it failed to disclose the doctrine of equivalence in its '172 infringement contentions.

On November 12, 2014, the Court denied Adaptix's motion for leave to supplement to add the DOE. Although the Court agrees with Defendants that any reference to the DOE should be stricken from Dr. Wells' expert report, the Court will not strike at this time those portions of Dr. Wells' expert report referring to ALU's FDS Scheduler as satisfying the "allocating at least one diversity cluster of subcarriers to a first subscriber" limitation. As urged by Adaptix, the reference to FDS in claim 2 of the '172 patent identifies aspects of the accused product that correspond to

moving subscribers, namely the first subscriber to which a diversity cluster is assigned as recited in independent claim 1. According to Adaptix, claim 2 is a dependent claim which depends on independent claim 1; therefore, claim 2 qualifies and includes all of the limitations in claim 1. Accordingly, it is

**ORDERED** that Defendants Alcatel-Lucent USA, Inc., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, and Sprint Spectrum L.P.'s Cross-Motion to Strike Portions of Dr. Wells' Expert Report (Docket Entry #s 241, 236, 215) is **GRANTED in part**. It is further

**ORDERED** that Adaptix shall submit updated infringement reports, within twenty days from the date of entry of this Order, that remove all reference to the doctrine of equivalence.

**SIGNED this 16th day of December, 2014.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE