# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | **CIVIL ACTION NO. 6:12-cv-00022** |
| **Plaintiff,** | § | |
| **v.** | § | |
| **ALCATEL-LUCENT USA, INC. and** | § | |
| **AT&T MOBILITY LLC,** | § | |
| **Defendants.** | § | |
| **ADAPTIX, INC.** | § | **CIVIL ACTION NO. 6:12-cv-00122** |
| **Plaintiff,** | § | |
| **v.** | § | |
| **ALCATEL-LUCENT USA, INC. and** | § | |
| **CELLCO PARTNERSHIP d/b/a/** | § | |
| **VERIZON WIRELESS,** | § | |
| **Defendants.** | § | |
| **ADAPTIX, INC.** | § | **CIVIL ACTION NO. 6:12-cv-00123** |
| **Plaintiff,** | § | |
| **v.** | § | |
| **ALCATEL-LUCENT USA, INC. and** | § | |
| **SPRINT SPECTRUM, L.P.,** | § | |
| **Defendants.** | § | |
| **ADAPTIX, INC.** | § | **CIVIL ACTION NO. 6:12-cv-00369** |
| **Plaintiff,** | § | **CONSOLIDATED CASE** |
| **v.** | § | |
| **T-MOBILE USA, INC., ET AL.** | § | |
| **Defendants.** | § | |
| | § | |

## MOTION TO RECONSIDER ORDER GRANTING MOTION TO COMPEL RE-PRODUCTION OF DOCUMENTS (Dkt. No. 364)[1]

---

[1] For convenience, all docket references shall refer to Case No. 6:12-cv-00022.

06091091

Pursuant to Local Rule CV-7 (a)(4), Plaintiff Adaptix ("Adaptix") hereby respectfully moves for reconsideration of this Court's Order Granting Defendants' Motion to Compel Re-Production of Documents ("The Order") (Dkt. No. 364).

## I.     LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. However, the court has authority to consider such motions using the guidelines of Rule 59(e). In order to justify reconsideration under Rule 59(e), the moving party ordinarily must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 749-50 (E.D. Tex. 2012) (internal quotations and citations omitted). To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall,* 426 F.3d 745, 763 (5th Cir.2005). Mere disagreement with a district court's order does not warrant reconsideration of that order. *Morgan v. Plano Indep. Sch. Dist.*, No. 4:04-CV-447, 2008 WL 686711, at *1 (E.D. Tex. Mar. 10, 2008) (internal citation omitted).

## II.     ARGUMENT

### 1.  The Order Relies On Manifest Error of Facts

The Court's Order rests on an inaccurate account of the facts regarding this matter. Respectfully, Adaptix would like to correct that account.

In applying Federal Rule of Evidence 502, the Court found that Adaptix had waived privilege as to all of the clawed back documents because Adaptix did not promptly seek their return. In support, the Court states that Adaptix examined "the documents" during Mr. Dodd's

1

deposition and "was further made aware" of their disclosure in Defendants' non-infringement reports.  This statement is factually erroneous because it suggests that Adaptix was made aware (or had opportunity to be made aware) of the disclosure of all five of the clawed-back documents in two compounding ways.  The Court presents a timeline in which Adaptix first produced all of the clawed back documents in 2013, examined all of the clawed back documents during Mr. Dodd's deposition in June of 2014, and then "further" had a *second* opportunity to realize the documents' disclosure in August and September of 2014 through the Defendants' expert reports. Order at 6.  Given the Court's misconstruction of the timeline, it found that Adaptix's March 2015 claw back attempt was not reasonably prompt.

While the Court casts Adaptix's March 2015 claw back as one of repeated failure to discover the inadvertent disclosure of these five documents, despite several opportunities, this is not the case.  In fact, just *one* of the clawed back documents had been examined during Mr. Dodd's deposition (ADAP 00269328), while just one of the clawed back documents—and not the same document used during the Dodd deposition—was mentioned, fleetingly, in Defendants' non-infringement expert reports (ADAP 08886263).  Thus, it is not the case that Adaptix was presented with each and every one of the clawed back documents on multiple occasions before failing to claw them back.  In fact, in the case of ADAP 08332533, ADITC 1902930, and ADAP 08276871, Adaptix had *no* opportunity to discover the inadvertent disclosure before it was brought to Adaptix's attention by the defendants' motion for attorney's fees in the Northern District of California, whereupon Adaptix immediately acted to correct that error.

In the case of ADAP 00269328, Adaptix submits that use of one (of several dozen) exhibits in a single deposition, in the presence of an Adaptix attorney, who had not personally designated ADAP 00269328 as privileged during Adaptix's review, does not render its March

2015 discovery and claw back unreasonable.  And, in the case of ADAP 08886263, Adaptix submits that a passing reference and Bates stamp in two voluminous expert reports, also does not render Adaptix's March 2015 response unreasonable.  Contrary to Defendants' characterization of the matter, which the Court appears to have accepted, Adaptix did not have "multiple opportunities" to discover and cure the inadvertent disclosure of either ADAP 08886263 or ADAP 00269328. Rather, Adaptix had but one (fleeting) opportunity in the case of each document.  As such, the Court's Order, premised on the notion that Adaptix missed multiple opportunities to discover and remedy the inadvertent disclosures, is based on a clear error of fact.

Adaptix should not be compelled to re-produce privileged documents where the Court's finding of waiver is based in error as to understanding of the facts.  Thus, the Court should reconsider its Order.

### 2. Adaptix Requests *In Camera* Review of the Documents and Privilege Designations to a Prevent Manifest Injustice

Re-production of these privileged documents will would result in manifest injustice. Defendants should not benefit from the inadvertent disclosure of documents that they never should have obtained.  The Order states that Adaptix has "not shown with *evidence* the privilege applies." Order at 6.  It is true that Adaptix was disadvantaged in that it was unable to use any of the surrounding communications regarding the clawed back documents as evidence in this briefing process.  This is simply due to the fact that these communications are *also* protected by the work product privilege.  However, the Court mischaracterizes Adaptix's support for its privilege argument when it asserts, "Adaptix merely states the documents were generated as part of testing performed for preparing the lawsuits against Defendants."  In fact, Adaptix offered a bit more.  Adaptix argued that the documents themselves- and the explicit references to

3

infringement testing of the Asserted Patents contained within- provided the competent evidence necessary to meet the privilege burden.  Surreply at 3.

In order to prove to the Court that the documents are, in fact, subject to the work product privilege and were, in fact, subject to a precautionary review process whereby they were meant to be protected from disclosure, Adaptix invites the Court to review the clawed back documents, and their tagging history, in camera.  Adaptix believes that in camera review will adequately assuage any doubts the Court has as to the privileged character of the documents or the rigor and sufficiency of the review process.  Upon such a review, Adaptix respectfully requests that the Court reconsider its Order.

### III.    CONCLUSION

For the foregoing reasons, the Court should reconsider its Order and deny Defendants' Motion to Compel Re-Production of Documents.

4

Dated:  June 18, 2015                    Respectfully submitted,

/s/ *Paul J. Hayes*
Paul J. Hayes
Kevin Gannon
James J. Foster
**HAYES, MESSINA, GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA 02109
Tel: (617) 345-6900
Fax: (617) 443-1999
Email: phayes@hayesmessina.com
Email: kgannon@hayesmessina.com
Email: jfoster@hayesmessina.com

Craig Tadlock
Texas State Bar No. 00791766
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com

**ATTORNEYS FOR ADAPTIX, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon all counsel of record on June 18, 2015, via the Court's CM/ECF system.

/s/ *Paul J. Hayes*
Paul J. Hayes