IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC. | § | |
| v. | § | No. 6:12cv22 |
| ALCATEL-LUCENT, INC., et al. | § | LEAD CASE |
| | § | |
| ADAPTIX, INC. | § | |
| v. | § | No. 6:12cv369 |
| ERICSSON, INC., et al. | § | LEAD CASE |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The above cases were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following motion is before the Court:

**Plaintiff Adaptix, Inc.'s Motion for Partial Summary Judgment Under 35 U.S.C. § 102(f) (Docket Entry #s 267 & 169).**

The Court, having reviewed the relevant briefing and Judge Grewal's Order Denying Plaintiff's substantially similar motion in a related case in the Northern District of California, recommends the motion be **DENIED**.

**I.   MOTION FOR PARTIAL SUMMARY JUDGMENT**

Adaptix moves for partial summary judgment, asserting Defendants lack clear and convincing evidence in support of their claim that the inventors named on the patents-in-suit derived their inventions from technology purportedly invented by AT&T referred to as "Project Angel," rendering the Asserted Patents invalid under 35 U.S.C. § 102(f).  Defendants contend Adaptix's

predecessor, Broadstorm Telecommunications, Inc. ("Broadstorm"), hired engineers away from AT&T to work on Broadstorm's cellular telephone network technology. According to Defendants, these former AT&T engineers brought with them to Broadstorm several technical documents relating to and describing the technology being developed by AT&T for use in Project Angel.

Adaptix denies that any of the inventors possessed or reviewed any of the AT&T documents before filing the original applications for the Asserted Patents. Specifically, Adaptix states Dr. Liu, the only inventor of the Asserted Patents deposed by Defendants, denied he ever read any of the AT&T documents, let alone prior to the filing of the patent applications at issue.[1] According to Adaptix, Defendants cannot demonstrate by clear and convincing evidence that the AT&T documents were brought to Broadstorm prior to the filing of the patent applications at issue, and therefore Defendants lack clear and convincing evidence in support of their derivation argument.

## II.   DERIVATION STANDARD

The Court uses familiar standards to resolve Adaptix's motion for partial summary judgment. Under former 35 U.S.C. §102(f), a patent is invalid if the invention was derived from someone other than the named inventor(s). *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1313 (Fed. Cir. 2011). "To show derivation, the party asserting invalidity must prove both prior conception of the invention by someone other than the named inventors and communication of that conception to the patentee." *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576 (Fed. Cir. 1997). Circumstantial evidence of "communication" is sufficient to defeat a motion for summary judgment of no derivation. *Medtronic Vascular Inc. v. Abbott Cardiovascular Sys., Inc.*, 614 F.Supp.2d 1006,

---

[1] However, on cross-examination, Dr. Liu stated without knowing the actual documents he could not say "for sure" whether he had or had not seen the substance of any specific documents containing a warning about "trade secrets." (Liu Depo. Vol 2 at 713:15-714:6).

1031-32 (N.D. Cal. 2009), amended on reconsideration on other grounds, C 06-1066 PJH, 2009 WL 1764749 (N.D. Cal. June 22, 2009) (denying summary judgment motion of no derivation despite named inventor's testimony that no information was communicated to him where circumstantial evidence suggested that inventor had discussions with contractor who had access to prior invention).

### III. DISCUSSION

Adaptix does not dispute, for purposes of this motion, that the Project Angel system, technical documents, and patents disclose the claims of the Asserted Patents. Adaptix bases its motion "solely upon the lack of communication of Project angel to the named inventors prior to the conception of the patented inventions." (Mot. at pg. 10). The issue then is whether there is evidence upon which a reasonable jury could find communication of AT&T's prior art to Adaptix inventors.

It is undisputed named inventor Hui Liu knew about Project Angel when he sought to develop a competing system. Among other things, there is evidence indicating Lui hired at least three key AT&T Project Angel employees because of their knowledge of Project Angel; he testified that by hiring one employee he thought he could know all the details on AT&T's "engineering side." (Liu Depo. at 352:5-18). Adaptix does not contest that, while at Adaptix, the former AT&T Project Angel employees worked on subject matter claimed in the Asserted Patents. Nor does Adaptix dispute the Adaptix inventors consulted with the key Project Angel employees before the patents-in-suit were filed.

According to Defendants, Adaptix does not contest that Project Angel employees disclosed confidential Project Angel information. Defendants point out that Adaptix produced from its own files over a thousand internal AT&T emails related to Project Angel and numerous AT&T technical documents detailing the architecture and operation of Project Angel (all of which are marked as

AT&T confidential information). Adaptix's 30(b)(6) witness testified Adaptix has no answer for how it obtained, or what happened to the metadata associated with, confidential Project Angel technical documents and hundreds of internal AT&T emails regarding Project Angel, many of which predate the claimed priority dates of the Asserted Patents. (Dodd Depo. Vol. 1 at 277:2-288:8). This constitutes additional circumstantial evidence that the information in those documents was communicated to Adaptix and in particular to the named inventors who went on to file patent applications on the same subject matter.

Accepting as true Defendants' evidence of communication and drawing all reasonable inferences in Defendants' favor, Defendants have identified sufficient evidence to create a genuine issue of material fact for trial on this issue.

## IV.   RECOMMENDATION

A reasonable jury could find communication of the patented inventions by clear and convincing evidence. As stated by Judge Grewal, "while the evidence supporting [Defendants'] contentions may not ultimately persuade the court that the disputed Project Angel information was in fact communicated to Adaptix prior to the filing of the patents-in-suit, it certainly provides a basis upon which a jury could find that communication and thus derivation took place." *Adaptix, Inc. v. Apple, Inc., et al.*, Case Nos. 5:13cv01776, 01777, 02023; *Adaptix, Inc. v. AT&T Mobility LLC, et al.*, Case No. 5:13cv01778; and *Adaptix, Inc. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, Case No. 5:13cv01844 (January 15, 2015 Order Denying Plaintiff's Motion for Partial Summary Judgment at pg. 5). Similarly here, the Court finds there is sufficient evidence for a reasonable jury to find by clear and convincing evidence that the named inventors derived their "inventions" from

confidential information obtained from AT&T, and thus the Asserted Patents are invalid under 35 U.S.C. § 102(f). Accordingly, it is

**RECOMMENDED** that Plaintiff Adaptix, Inc.'s Motion for Partial Summary Judgment Under 35 U.S.C. § 102(f) (Docket Entry #s 267 & 169) be **DENIED.**

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir.1988).

**SIGNED this 26th day of June, 2015.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE