**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ADAPTIX, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:12-cv-22 |
| ) | LEAD CASE |
| ALCATEL-LUCENT, INC. *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ADAPTIX, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:12-cv-369 |
| ) | LEAD CASE |
| ERICSSON, INC. *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE REGARDING
<u>DEFENSE OF DERIVATION UNDER 35 U.S.C. § 102(f)</u>**

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and L.R. CV-72(c), plaintiff, Adaptix, Inc. ("Adaptix"), respectfully submits the following objections to the Report and Recommendation of the United States Magistrate Judge recommending denial of Adaptix's motion for partial summary judgment that the patents-in-suit (the '808, '283 and '172 patents) are not invalid for derivation under 35 U.S.C. § 102(f) ("the R&R"). Review of the R&R is *de novo*. *See* 28 U.S.C. § 636(b)(1). For the reasons set forth below, Adaptix submits that the

Magistrate Judge clearly erred in finding that Defendants submitted clear and convincing evidence that the patented inventions were communicated by former AT&T employees to the inventors prior to the filing dates of the applications for the patents. Thus, Adaptix requests that the Court not adopt the R&R but grant its motion for partial summary judgment of no derivation.

**I.      LEGAL STANDARDS**

      A.      SUMMARY JUDGMENT

The moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by pointing out the absence of evidence supporting the nonmoving party's case. *See*, *e.g.*, *Nat'l Ass'n of Govt. Employees v. City Public Service Bd. of San Antonio, Tex.*, 40 F.3d 698, 712 (5th Cir. 1994). In response, the nonmovant must submit sufficient evidence to carry its burden of proof, in this instance clear and convincing evidence, on the essential elements of its claim. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Thus, a factual dispute is only genuine if the evidence is such that the jury could return a verdict for the nonmoving party. *Munoz v. Orr*, 200 F.3d at 302.

      B.      DERIVATION

Patents are presumed valid. 35 U.S.C. § 282. As a result, the party asserting invalidity bears the burden of proving the factual elements thereof by clear and convincing evidence. *Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd.*, 719 F.3d 1346, 1352 (Fed. Cir. 2013). The burden of persuasion never shifts to the patent owner. *Id.* Under former 35 U.S.C. § 102(f), a patent claim is invalid if the inventors did not themselves invent the claimed invention(s). In other words, a patent is invalid if the invention was derived from someone other than the named inventor(s). *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1313 (Fed. Cir. 2011). "To show

derivation, the party asserting invalidity must prove both prior conception of the invention by someone other than the named inventors and communication of that conception to the patentee." *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576 (Fed. Cir. 1997). "Communication" requires that the complete conception must enable one of ordinary skill in the art to construct and operate the invention. *Price v. Symsek*, 988 F.2d 1187, 1197 (Fed. Cir. 1993) (citation omitted); *see also Gambro v. Baxter*, 110 F.3d at 1577; *Eaton Corp. v. Rockwell Intern. Corp.*, 323 F.3d 1332, 1344-45 (Fed. Cir. 2003).

II.     **MAGISTRATE JUDGE GREWAL'S OPINION**

The R&R states that the Magistrate Judge "reviewed the relevant briefing and Judge Grewal's Order Denying Plaintiff's substantially similar motion in a related case in the Northern District of California." *See* R&R at 1; *see also id.* at 4. The patents in this case relate to the cellular network base stations while those in California relate to the handsets. The patents in the California litigation are not at issue in these cases. This is not a meaningless distinction as derivation requires proof that the "invention" at issue was first conceived by another and then communicated to the named inventors. Thus, Judge Grewal's decision is basically irrelevant to this case.

a.     **"No Defendant *Contends* That Project Angel Anticipates the '808 Patent**

The '808, '283 and '172 patents asserted in these cases are not asserted in the California cases. Defendant's expert herein, Dr. Acampora, never opined, nor have Defendants submitted any report or declaration from Dr. Acampora in which he opines that Project Angel anticipates claim 1 of the '808 patent as is required to prove derivation. *See Gambro v. Baxter Healthcare*, 110 F.3d at 1577. To the contrary, by only opining that the '808 patent claims are invalid for obviousness in view of Project Angel, Dr. Acampora concedes that the claims of the '808 patent

3

are not invalid under Section 102(f), which requires anticipation. Accordingly, there is no evidence whatsoever of any conception by AT&T of the '808 patent inventions, let alone any communication by AT&T of the '808 patent inventions prior to the filing of the '808 patent application. This lack of evidence is fatal to Defendant's '808 derivation defense.

## III. DEFENDANTS' EVIDENCE IS SPECULATIVE

According to Defendants, Adaptix hired several engineers away from AT&T who had worked on a project known as "Project Angel." Further, Defendants argued, those former AT&T employees either sent, or brought with them, to Adaptix confidential AT&T information including three technical documents entitled: (1) "PWAN Airlink Interface Control Document" (Gannon Dec., Ex. A); (2) "Resource Allocation Architecture" (*id.*, Ex. B), and (3) "Airlink 1.8 Interface Control Document." *Id.*, Ex. C (together "the AT&T documents"). For the purposes of its motion, Adaptix did not dispute that the AT&T documents were produced from Adaptix's files during discovery.

During discovery, Defendants deposed one of the four inventors named on the patents-in-suit, Dr. Liu. He flatly denied having seen any of the AT&T documents. *See* Gannon Decl., Ex. G, pp. 692-94. Defendants also deposed the former AT&T employees who left AT&T to work for Adaptix, namely Messrs. Hite, Hong and Meiyappan. None of these witnesses testified that any of the inventors had seen any of the AT&T documents prior to the filing dates of the patent applications, or at any other time. Likewise, none of these witnesses testified that they disclosed any Project Angel information to any of the inventors or that any of the inventors derived anything, let alone the entire claimed inventions, from any Project Angel information.

Notwithstanding this absence of evidence, the Magistrate Judge denied Adaptix's motion based on the following:

> It is undisputed named inventor Hui Liu knew about Project Angel when he sought to develop a competing system. Among other things, there is evidence indicating Lui *[sic]* hired at least three key AT&T Project Angel employees because of their knowledge of Project Angel; he testified that by hiring one employee he thought he could know all the details on AT&T's "engineering side." (Liu Depo. at 352:5-18). Adaptix does not contest that, while at Adaptix, the former AT&T Project Angel employees worked on subject matter claimed in the Asserted Patents. Nor does Adaptix dispute the Adaptix inventors consulted with the key Project Angel employees before the patents-in-suit were filed.[1]

R&R at 3. Irrespective of his awareness of the existence of Project Angel, there is no clear and convincing evidence that Dr. Liu or any of the other inventors was aware of any of the three technical Project Angel documents before the filing of the patent applications. None of the deponents testified that any Project Angel documents were communicated to any of the inventors prior to the filing date of the patent application, or at any other time. None of the deponents testified that the inventors derived anything from any AT&T information. Moreover, contrary to the above, Adaptix did not concede that the former AT&T employees while at Adaptix "worked on subject matter claimed in the Asserted Patents" before the patent applications were filed, or thereafter. *See*, *e.g.*, Case No. 6:12-cv-0022, Dkt. No. 267 at 7. The former three AT&T employees were all deposed by Defendants and Defendants have submitted no testimony stating otherwise. Accordingly, any such conclusion to the contrary, is based upon conjecture and speculation, not clear and convincing evidence. *See*, *e.g.*, *Miller-El v. Dretke*, 545 U.S. 231, 289-90 (2005); *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1359 (5th Cir. 1988); *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1571 (Fed. Cir. 1997); *Blue v. Hill*, 2014 WL 2217334, at *4 (N.D. Tex. May 29, 2014), *appeal dismissed*, 582 Fed. Appx. 522 (5th Cir. 2014); *Caughran v. Strauss*, 1999 WL 33290610, at *3 (W.D. Tex. Oct. 29, 1999).

With respect to the AT&T documents, the Magistrate Judge found as follows:

---

[1] None of the inventors named on the patents-in-suit came from AT&T.

> According to Defendants, Adaptix does not contest that Project Angel employees disclosed confidential Project Angel information. Defendants point out that Adaptix produced from its own files over a thousand internal AT&T emails related to Project Angel and numerous AT&T technical documents detailing the architecture and operation of Project Angel (all of which are marked as AT&T confidential information).

R&R at 4. Contrary to the above, Adaptix did flatly deny that confidential Project Angel information was disclosed to any of the inventors before they filed the patent applications. *See* Motion at 7 ("ADAPTIX denies that any of the four inventors possessed or reviewed any of the AT&T documents before filing the original application for the Asserted Patents"); *id.* at 12 ("Defendants have failed to prove communication of the Project Angel documentation to the named inventors."). Thus, this statement is clearly erroneous. Moreover, Defendants only submitted one internal AT&T email (Ex. 29). Notably, none of the inventors is listed as a recipient thereof and there is no evidence that any of the inventors ever saw this internal AT&T email. Once again, it requires conjecture and speculation to make the leap from the above to a conclusion, contradicted by the inventor Liu and the former AT&T employees, that any of the inventors were knowledgeable of the Project Angel documents relied upon by Defendants as the basis for their claim of derivation. Accordingly, Defendants have not submitted clear and convincing evidence satisfying the "communication" prong of their '808, '283 and '172 derivation defense.

## IV. CONCLUSION

For the reasons set forth above, Adaptix requests that the R&R not be adopted and instead the motion for summary judgment be granted.

Date: July 13, 2015   Respectfully submitted,

/s/ *Paul J. Hayes*
Paul J. Hayes
Kevin Gannon
**HAYES MESSINA GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA 02109
Tel: (617) 345-6900
Fax: (617) 443-1999
Email: phayes@hayesmessina.com
Email: kgannon@hayesmessina.com

Craig Tadlock
Texas State Bar No. 00791766
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com

Eric Albritton
Texas State Bar. No. 00790215
**ALBRITTON LAW FIRM**
222 North Fredonia St.
Longview, TX 75601
Email: ema@emafirm.com

**ATTORNEYS FOR PLAINTIFF,
ADAPTIX, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with the Local Rule CV-5 on July 13, 2015. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/   *Kevin Gannon*