# EXHIBIT 2

# EMPLOYEE CONFIDENTIAL INFORMATION AND INVENTION ASSIGNMENT AGREEMENT

As a condition of my employment with Broadstorm Telecommunications, Inc. (the "**Company**"), I agree:

1. Confidential Information. "**Confidential Information**" means any proprietary information, including, but not limited to, technical data, product plans, customer lists and customers, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, marketing, finances or other business information. Confidential Information does not include any publicly known information unless the information became publicly known through breach of a confidentiality obligation.

    (a) Company Information. I shall hold Company Confidential Information in strictest confidence. I shall use Company Confidential Information only for the benefit of the Company.

    (b) Former Employer Information. During my employment with the Company, I shall not improperly use or disclose any former or concurrent employer's Confidential Information, nor shall I bring onto Company premises any unpublished document or proprietary information belonging to any such employer unless such employer consents in writing.

    (c) Third Party Information. The Company may receive third party Confidential Information subject to disclosure or use restrictions. I shall comply with all such restrictions of which I am notified. I shall use such third party Confidential Information only as necessary to carry out my Company work, consistent with the Company's agreement with such third party.

2. Inventions. "**Inventions**" means inventions, including, but not limited to, developments, concepts, improvements, trade secrets and original works of authorship, whether or not patentable or registrable under copyright or similar laws.

    (a) Inventions Retained and Licenses. Exhibit A, attached hereto, is a list describing all Inventions which were made by me prior to my employment with the Company (collectively referred to as "**Prior Inventions**") which (i) belong to me; (ii) relate to the Company's proposed business, products or research and development; and (iii) are not assigned to the Company hereunder; if no such list is attached, there are no such Prior Inventions. If I incorporate any Prior Invention into a Company product, process or tool during my Company employment, I shall grant to the Company a nonexclusive, royalty-free, irrevocable, perpetual, worldwide license to make, have

1

"HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" AD00563115

made, modify, use and sell that Prior Invention as part of that Company product, process or tool.

(b) <u>Assignment of Inventions</u>. I shall promptly disclose to the Company and hereby assign to the Company or its designee, all my right, title, and interest in and to any Inventions, which I may solely or jointly conceive, develop or reduce to practice (or cause to be conceived or developed or reduced to practice) during my Company employment (except as provided in Section 2(e) below). I acknowledge that all original works authored by me (solely or jointly with others) within the scope of and during the period of my Company employment, and which are protectible by copyright, are "works made for hire," as that term is defined in the United States Copyright Act.

(c) <u>Maintenance of Records</u>. I shall maintain adequate and current Company records of all Inventions made by me (solely or jointly with others) during my Company employment.

(d) <u>Patent and Copyright Registrations</u>. I shall assist the Company (or its designee), at the Company's expense, in every proper way to secure the Company's copyrights, patents, mask work rights or other intellectual property rights in the Inventions, in any and all countries. This assistance may include execution of applications, specifications, oaths, assignments or other instruments which the Company might deem necessary to obtain such rights. I irrevocably appoint the Company's officers and agents as my agent and attorney in fact, to execute and file documents relating to Inventions assigned to the Company in the event the Company is unable (because of mental or physical incapacity or any other reason) to secure my signature.

(e) <u>Exception to Assignments</u>. The provisions of this Agreement requiring assignment of Inventions to the Company do not apply to any invention which qualifies fully under the provisions of the Revised Code of Washington 49.44.140 (1) (attached hereto as <u>Exhibit B</u>) for employees in the State of Washington, or the provisions of California Labor Code Section 2870 (also attached hereto as <u>Exhibit B</u>) for employees in the State of California, as the case may be. I shall promptly advise the Company in writing of any inventions that I believe meet the criteria in the foregoing applicable provisions but are not otherwise disclosed on <u>Exhibit A</u>. I hereby acknowledge receipt of notice by the Company as required by the foregoing applicable provisions, if any.

3. <u>Returning Company Documents</u>. When my Company employment ends, I shall (a) deliver to the Company any and all devices and records (including, but not limited to, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, and equipment) belonging to the Company, and any reproductions of any such items; and (b) sign and deliver the "Termination Certification," attached hereto as <u>Exhibit C</u>.

4. <u>Notification to New Employer</u>. In the event that I leave the employ of the Company, the Company may notify my new employer about my rights and obligations under this Agreement.

PALOALTO 4004624v1

"HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" AD00563116

5. <u>Representations</u>. I represent that my performance of the terms of this Agreement will not breach any agreement to keep in confidence proprietary information acquired by me prior to either my execution of this Agreement or my Company employment. I have not entered into, and I agree I will not enter into, any oral or written agreement in conflict with this Agreement.

6. <u>Equitable Relief</u>. Because it would be impossible or inadequate to measure and calculate the Company's damages from any breach of the covenants set forth in Section 1, 2, and 3, if I breach any of such Sections, the Company may, in addition to any other right or remedy available, obtain in injunction from a court of competent jurisdiction restraining such breach or threatened breach and to specific performance of any such provision of this Agreement. No bond or other security will be required in obtaining such equitable relief, and I hereby consent to the issuance of such injunction and to the ordering of specific performance.

7. <u>Conflicting Employment</u>. I agree that, during the term of my employment with the Company, I will not engage in any other employment, occupation, consulting or other business activity directly related to the business in which the Company is now involved or becomes involved during the term of my employment, nor will I engage in any other activities that conflict with my obligations to the Company.

8. <u>Solicitation of Employees</u>. I agree that during the term of my employment with the Company and for a period of twelve (12) months immediately following the termination of my relationship with the Company for any reason, whether with or without cause, I shall not either directly or indirectly solicit, induce, recruit or encourage any of the Company's employees to leave their employment, or take away such employees, or attempt to solicit, induce, recruit, encourage or take away employees of the Company, either for myself or for any other person or entity.

9. <u>At-Will Employment</u>. I UNDERSTAND AND ACKNOWLEDGE THAT MY EMPLOYMENT WITH THE COMPANY IS FOR AN UNSPECIFIED DURATION AND CONSTITUTES "AT-WILL" EMPLOYMENT. I ACKNOWLEDGE THAT THIS EMPLOYMENT RELATIONSHIP MAY BE TERMINATED AT ANY TIME, WITH OR WITHOUT GOOD CAUSE OR FOR ANY OR NO CAUSE, AT THE OPTION EITHER OF THE COMPANY OR MYSELF, WITH OR WITHOUT NOTICE.

10. <u>General Provisions</u>.

(a) <u>Governing Law; Consent to Personal Jurisdiction</u>. This Agreement will be government by the laws of the State of Washington. I hereby consent to the personal jurisdiction of the state and federal courts located in Washington for any lawsuit filed there against me by the Company arising from or relating to this Agreement.

3

"HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" AD00563117

(b)     Entire Agreement. This Agreement sets forth the entire agreement and understanding between the Company and me relating to the subject matter herein and merges all prior discussions between us. No modification of or amendment to this Agreement, nor any waiver of any rights under this Agreement, will be effective unless in writing signed by the party to be charged. Any subsequent change or changes in my duties, salary or compensation will not affect the validity or scope of this Agreement.

(c)     Severability. If one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect.

(d)     Successors and Assigns. This Agreement will be binding upon my heirs, executors, administrators and other legal representatives and will be for the benefit of the Company, its successors, and its assigns.

Date: 07/01/2000

_____
Signature

Hujun Yin
_____
Name of Employee (typed or printed)

_____
Witness

4

PALOALTO 4004624v1

"HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY"                                                                                       AD00563118