IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC. § | | |
| § | | |
| V. § | No. 6:12cv22 | |
| § | CONSOLIDATED CASE | |
| ALCATEL-LUCENT USA, INC., ET AL.§ | | |

| | | |
|---|---|---|
| ADAPTIX, INC. § | | |
| § | | |
| V. § | No. 6:12cv369 | |
| § | CONSOLIDATED CASE | |
| T-MOBILE USA, INC., ET AL. § | | |

**MEMORANDUM ORDER ADOPTING
THE REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

These above consolidated cases were referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of the case has been presented for consideration. Plaintiff Adaptix, Inc. ("Adaptix") filed objections to the June 26, 2015 Report and Recommendation regarding Adaptix's Motion for Partial Summary Judgment Under 35 U.S.C. § 102(f). The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

**BACKGROUND**

Three patents remain asserted in the above cases: the '172 patent, the '283 patent, and the '808 patent ("Asserted Patents"). As one of their defenses and/or counterclaims, Defendants argue the inventors named on the Asserted Patents derived the claimed inventions from technology purportedly invented by AT&T and referred to as "Project Angel." Specifically, Defendants argue Adaptix's predecessor, Broadstorm Telecommunications, Inc. ("Broadstorm"), hired or "lured"

engineers away from AT&T to work on Broadstorm's cellular telephone network technology. Adaptix moves for partial summary judgment, asserting Defendants cannot demonstrate by clear and convincing evidence that certain AT&T documents were reviewed by any of the inventors of the Asserted Patents prior to the filing of the original patent applications at issue.

## REPORT AND RECOMMENDATION

The Magistrate Judge issued a Report and Recommendation on June 26, 2015, recommending Adaptix's motion for partial summary judgment be denied. The Magistrate Judge first noted the only issue is whether there is evidence upon which a reasonable jury could find communication of AT&T's prior art to Adaptix inventors. Accepting as true Defendants' evidence and drawing all reasonable inferences in Defendants' favor, the Magistrate Judge found Defendants have identified sufficient evidence to create a genuine issue of material fact for trial on this issue. Specifically, the Magistrate Judge found there is sufficient evidence for a reasonable jury to find by clear and convincing evidence that the named inventors derived their "inventions" from confidential information obtained from AT&T, and thus the Asserted Patents are invalid under 35 U.S.C. § 102(f).

## ADAPTIX'S OBJECTIONS

In its objections, Adaptix presents two primary objections. First, Adaptix asserts there is no evidence of any conception by AT&T of the '808 patent inventions; nor have Defendants claimed Project Angel anticipates the '808 patent. Second, regarding the '172 and '283 patents, Adaptix asserts there is "no clear and convincing evidence that Dr. Liu or any of the other inventors was aware of any of the three technical Project Angel documents before the filing of the patent

applications." (Dkt. No. 402 at 5).[1] According to Adaptix, Dr. Liu, one of the four named inventors, flatly denied having seen any of the AT&T documents. Adaptix argues it "requires conjecture and speculation" to conclude the inventors were knowledgeable of the Project Angel documents. *Id*. at 6.

## *DE NOVO* REVIEW

Adaptix's motion for partial summary judgment is based solely upon Adaptix's contention that there was a "lack of communication of Project Angel to the named inventors prior to their conception of the patented inventions." As noted by the Magistrate Judge, Adaptix did not dispute, for purposes of this motion, that the Project Angel system included every element of asserted patent claims. (Dkt. No. 395 at 3).

However, in its objections, Adaptix asserts for the first time that "Defendants' expert . . . Dr. Acampora, never opined, nor have Defendants submitted any report or declaration from Dr. Acampora in which he opines that Project Angel anticipates claim 1 of the '808 patent as required to prove derivation." (Dkt. No. 402 at 3). In their response to the objections, Defendants point out that Dr. Acampora explicitly opines in his report that "it would appear possible that the one or more inventors of the '808 patent may have received knowledge regarding the concepts in the *Agee* patent (which in my opinion discloses each element of the '808 patent) and/or the concepts in the *Alamouti* patent (which in my opinion discloses each element of the '808 patent) from [former AT&T Project Angel engineers] Mr. Hite and/or Mr. Meiyappan." Acampora Invalidity Report at 864-865, ¶ 3307. According to Defendants, Dr. Acampora opined that the AT&T Project Angel system, *Alamouti* Patent, and *Agee* Patent could be combined with other references under 35 U.S.C. § 103 to invalidate

---

[1] Unless otherwise noted, all references are to Cause No. 6:12cv22.

claim 1 of the '808 Patent. *See id.* at 163-165, 204-207, 263 & 286-290. Contrary to Adaptix's assertion, the Court concludes Defendants have asserted claim 1 of the '808 patent was derived from the AT&T Project Angel system, AT&T Project Angel technical documents, and/or AT&T Project Angel patents.

The Court also agrees with the Magistrate Judge that a jury could find by clear and convincing evidence that Adaptix derived its patents from AT&T. "To show derivation, the party asserting invalidity must prove both (1) prior conception of the invention by another and (2) communication of that conception to the patentee." *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576 (Fed.Cir.1997). Importantly, circumstantial evidence of "communication" is sufficient to defeat a motion for summary judgment of no derivation. *See Medtronic Vascular Inc. v. Abbott Cardiovascular Sys., Inc.*, 614 F. Supp. 2d 1006, 1032, (N.D. Cal. 2009), amended on reconsideration on other grounds, 2009 WL 1764749 (N.D. Cal. June 22, 2009) (noting the "discrepancy between defendants' evidence suggesting that Mr. Shukov came into direct contact with numerous Fischell designs and disclosed certain designs to Drs. Penn and Ricci, and plaintiff's evidence that neither Dr. Ricci nor Mr. Shukov ever discussed any stent designs proprietary to IsoStent, constitutes a material dispute of fact."); *see also Robert Bosch, LLC v. Pylon Mfg. Corp.*, 700 F. Supp. 2d 625, 642 (D. Del. 2010) (denying motion for summary judgment of no derivation where an inference of communication to a named inventor was "supported by circumstantial evidence.").

Here, the Court finds there is sufficient circumstantial evidence of communication to create a genuine issue of material fact. The Court, having reviewed the relevant briefing, the Report and Recommendation, the objections, and the response to the objections, finds Adaptix's objections

4

without merit. The Court adopts the Report and Recommendation of the Magistrate Judge as the findings and conclusions of the Court. Accordingly, it is hereby

**ORDERED** that Plaintiff Adaptix, Inc.'s Motion for Partial Summary Under 35 U.S.C. § 102(f) (Dkt Nos. 267 & 169) is **DENIED.**

**SIGNED this 7th day of August, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE