IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC. | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 6:12-cv-00022 |
| | § | |
| ALCATEL-LUCENT USA, INC. | § | CONSOLIDATED CASE |
| ET AL. | § | |
|     Defendants. | § | |

## ADAPTIX'S MEMORANDUM SUPPORTING EXCLUSION OF DEFENDANT'S EXHIBIT 119

At the pretrial hearing On August 11, Judge Craven requested the parties to brief whether U.S. Patent No. 7,072,315 (the "'315 patent") could be considered prior art to U.S. Patent No. 6,870,808, an asserted patent. At the hearing, Adaptix had pointed out that all inventors of the '315 patent were also inventors of the '808 patent, and thus the Court could not consider the '315 patent as having been filed "by another" inventor. This memorandum cites the relevant statutory and judicial authority supporting that position.

The '315 patent issued on an application filed eight days before the application for the '808 patent. The '315 patent can only be prior art, however, if it had been filed by "another" inventor, within the meaning of 35 U.S.C. § 102(e)(2) (2002).[1] But every inventor of the '315 patent was also an inventor of the '808 patent. As there is no "other" inventor, the '315 patent is

---

[1] Section 102 of Title 35 was amended in 2011 as part of the Leahy-Smith America Invents Act ("AIA"). These amendments do not apply here because the '808 patent issued before the AIA was enacted. *See* AIA, S. 23, 112th Cong., 125 Stat. 293 (Sept. 16, 2011). The version of § 102(e)(2) applicable here read:

> A person shall be entitled to a patent unless . . . (e) the invention was described in . . . (2) a patent granted on an application for patent by ***another*** filed in the United States before the invention by the applicant for patent, except that a patent shall not be deemed filed in the United States for the purposes of this subsection based on the filing of an international application filed under the treaty defined in section 351(a) . . .

35 U.S.C. § 102(e)(2) (2002) (emphasis added).

thus not prior art to the '808 patent, and the Court must exclude it as prejudicial under FED. R. EVID. 403.

## FACTS

Hui Liu, Xiaodong Li, and Fuqi Mu (collectively, "LLM") founded Adaptix's predecessor-in-interest, Broadstorm, Inc.  Hujun Yin, while working as an intern at Broadstorm in the summer of 2000, collaborated with LLM to develop new ideas.

On October 10, 2000, Broadstorm filed the application that led to the '315 patent.  That patent named LLM as the inventors.

Eight days later, Broadstorm filed the application that led to the '808 patent. The '808 patent named as inventors LLM, plus Yin (collectively, "LLMY").

## ARGUMENT

### Because Every Inventor of the '315 Patent (LLM) Is Also an Inventor of the '808 Patent (LLMY), the Invention of the '315 Patent Is Not "By Another" Inventor.

Defendants allege the '315 patent as having been granted on an application filed "by another" inventor, and thus prior art. As noted above, however, the '315 patent does not have "another" inventor. Each inventor of the '315 patent is also an inventor of the '808 patent.

The Federal Circuit rejected Defendants' argument in an analogous situation in *Applied Materials, Inc. v. Genuine Research Corporation*, 835 F.2d 279 (Fed. Cir. 1987).  In that action, the Federal Circuit held a patent to inventors McNeilly and Benzing could not be prior art to a patent to McNeilly, Benzing, and Locke.

Defendants may argue that if LLM, as a group, is considered a different "inventive entity" from the group LLMY, anything that LLM developed would be prior art to any LLMY patent.  That argument, however, conflicts with *Applied Materials*.  Further, as explained below, the 1984 amendment to 35 U.S.C. § 116(a) eliminated the basis for any such argument.

<u>History of 35 U.S.C. § 116 (a)</u>

Companies engaged in research commonly assign teams of researchers to develop a new product. One member of a team may be assigned to work on a particular aspect of developing a product, while other members work on different aspects.  At some point, the company may apply for patents on the product, in each application describing the relevant work of the various researchers that contributed to that invention.  Each application would list as inventors only those researchers that contributed to that invention.

Prior to 1984, when such a company would then file an infringement suit, a defendant might opportunistically attempt to exploit the presence of multiple inventors to attack the patents. For example, a defendant might argue that one of the named inventors did not participate in inventing a specific claim, and thus that claim would be invalid for naming the wrong group of inventors.  Or, a defendant might argue that two inventors worked at different locations, and thus they could not file jointly.  Or, if a named inventor left the company before all the research on the invention was completed, a defendant might argue that researcher's work was prior art to the work of the other inventors. And so it went.

To put an end to these types of attacks, in 1984 Congress amended 35 U.S.C. § 116(a) to read:

> Joint inventions. – … Inventors may apply for a patent jointly even though (1) they did not physically work together or at the same time, (2) each did not make the same type or amount of contribution, or (3) each did not make a contribution to the subject matter of every claim of the patent.

Where a patented invention was developed in-house by a team of researchers, this clarification helped put an end to arguments that the research of one team member, or one group of team members, could be cited as prior art against the invention as a whole.

<u>Case Law</u>

A "different inventive entity" argument does not apply to joint inventions.  If it did, there could be few (or no) patents on joint inventions, because if each researcher were considered as a "different inventive entity," the work of a researcher on a Monday would be prior art against the work of her fellow researcher on a Tuesday.  As set forth above, Congress amended the statute to clarify, as patentable, situations where joint inventors did not work "at the same time."

Where, as here, LLMY developed a *joint* invention, that involved contributions from both LLM and Y, that one contribution came before the other would, under § 116(a), not prevent the inventors LLMY from applying for a patent jointly.

Defendants may cite *In re Land*, 368 F.2d 866 (C.C.P.A. 1966) as allowing the citation of patents by individual inventors (Land and Rogers) as prior art against a later application filed in the name of both. That court went in that direction, however, only because, unlike here, the earlier patents had not been part of a joint effort. In any event, that decision preceded the 1984 amendment to § 116(a).

On the basis of the 1984 amendments to § 116, *Abbott GmbH & Co., KG v. Centocor Ortho Biotech, Inc.*, 870 F. Supp. 206, 242 (D. Mass. 2012) distinguished *Land* as not applying to joint inventorship:

> The holdings of *Land* and *Bass* are in tension with the flexible standard for collaborative research and development contained in Section 116. Moreover, *both cases were decided before the 1984 amendments to Section 116 that embraced a broad definition of joint inventorship. Courts have accordingly limited the reach of the doctrine of separate inventive entities as expounded in those cases*. …[I]n interpreting Section 102(e), which bars patents on inventions previously patented by "another," the Federal Circuit has held "[e]ven though an application and a patent have been conceived by different inventive entities, if they share one or more persons as joint inventors, the 35 U.S.C. § 102(e) exclusion for a patent granted to another is not necessarily satisfied." *Applied Materials Inc. v. Gemini Research Corp.*, 835 F.2d 279, 281 (Fed. Cir. 1987). It would likewise be inconsistent with the structure of the patent act for a  joint inventor under Section 116 to be "another inventor" under

section 102(g)(2) merely because he did not work on the invention during the same period as his collaborators. …

In *General Motors v. Toyota Motor Company*, 667 F.2d 504 (6th Cir. 1981), the Sixth Circuit distinguish separate inventorship from circumstances in which inventors within a single corporation undertake separate research efforts towards a common goal.

(Emphasis added).

<u>CONCLUSION</u>

Adaptix requests the Court exclude as prejudicial Defendants' Exhibit 119, the '315 patent, because it is not prior art to the '808 patent. The '315 patent was not filed "by another" inventor because all inventors of the '315 patent are also inventors on the '808 patent, and they were participating with the additional inventor on the '808 patent in a joint research effort, covered under 35 U.S.C. §116(a).


Dated:  August 14, 2015                    Respectfully submitted,

                                            /s/ *Paul J. Hayes*
                                            James J. Foster
                                            Paul J. Hayes
                                            Kevin Gannon
                                            **HAYES, MESSINA, GILMAN & HAYES LLC**
                                            200 State Street, 6th Floor
                                            Boston, MA 02109
                                            Tel: (617) 345-6900
                                            Fax: (617) 443-1999
                                            Email: jfoster@hayesmessina.com
                                            Email: phayes@hayesmessina.com
                                            Email: kgannon@hayesmessina.com

                                            Craig Tadlock
                                            Texas State Bar No. 00791766
                                            **TADLOCK LAW FIRM PLLC**
                                            2701 Dallas Parkway, Suite 360
                                            Plano, TX 75093
                                            Tel: (903) 730-6789
                                            Email: craig@tadlocklawfirm.com

                                            Eric Albritton
                                            Texas State Bar. No. 00790215

ALBRITTON LAW FIRM
222 North Fredonia St.
Longview, TX 75601
Email: ema@emafirm.com

**ATTORNEYS FOR ADAPTIX, INC.**

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was served upon all counsel of record on August 14, 2015, via the Court's CM/ECF system.

       */s/ James J. Foster*
       James J. Foster