IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| v. | § | No. 6:12cv22 |
| | | **CONSOLIDATED CASE** |
| **ALCATEL-LUCENT, INC., et al.** | § | |

## MEMORANDUM OPINION AND ORDER

The above case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following motion is before the Court:

**Adaptix's Motion to Exclude Defendants' Exhibit 119 (Docket Entry # 461).**

The Court, having reviewed the motion and the response, is of the opinion the motion should be **DENIED**.

At the initial pretrial conference August 11, the Court heard argument regarding Adaptix's objection to Defendant's Exhibit 119, U.S. Patent No. 7,072,315 (the "'315 patent"). At the hearing, Adaptix asserted all inventors of the '315 patent were also inventors of the '808 patent, and thus the Court could not consider the '315 patent as having been filed "by another" inventor. The Court requested the parties brief whether the '315 patent could be considered prior art to U.S. Patent No. 6,870,808, an asserted patent. In its motion, Adaptix asserts the inventors of the '315 patent were participating with the additional inventor on the '808 patent in a joint research effort covered under 35 U.S.C. § 116(a).

The '315 patent issued on an application filed eight days before the application for the '808 patent and lists Hui Liu, Xiaodong Li, and Fuqi Mu as inventors. The '808 patent lists Liu, Li, and Mu as inventors, but also lists a fourth inventor, Hujun Yin. According to Adaptix, because every

inventor of the '315 patent was also an inventor of the '808 patent, the '315 patent is not prior art to the '808 patent and the Court must exclude it as an exhibit as prejudicial under FED. R. EVID. 403. In response, Defendants assert the list of inventors is not the same, and the '315 patent is presumptively prior art to the '808 patent under 35 U.S.C. §102(e), which provides in pertinent part as follows:

> A person shall be entitled to a patent unless . . . (e) the invention was described in . . . (2) a patent granted on an application for patent by **another** filed in the United States before the invention by the applicant for patent, except that a patent shall not be deemed filed in the United States for the purposes of this subsection based on the filing of an international application filed under the treaty defined in section 351(a) . . .

35 U.S.C. § 102(e)(2) (2002) (emphasis added).

Adaptix relies on *Applied Materials, Inc. v. Genuine Research Corporation*, 835 F.2d 279 (Fed. Cir. 1987), wherein the Federal Circuit Court of Appeals held a patent to inventors McNeilly and Benzing could not be prior art to a patent to McNeilly, Benzing, and Locke. Adaptix also relies on *Abbott GmbH & Co. v. Centocor Ortho Biotech, Inc.*, 870 F.Supp.2d 206, 242 (D.Mass.2012), wherein the court noted the 1984 amendments to [35 U.S.C. § 116] embraced a broad definition of joint inventorship, and even though an application and a patent have been conceived by different inventive entities, if they share one or more persons as joint inventors, the 35 U.S.C. § 102(e) exclusion for a patent granted to another is not necessarily satisfied. The Court agrees with Defendants the cases are distinguishable.

In *Abbott*, there was no prior patent application. The court held that earlier work at a brainstorming meeting, which was alleged to anticipate the inventions, did not constitute a conception of the invention but was a "wish to know." *Id.* at 239-42. With regard to *Applied*

2

*Materials*, in *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 98 F.Supp.2d 362 (S.D.N.Y.2000), the court explained the holding of *Applied Materials* as follows:

> . . . *Applied Materials* holds that if a parent patent fully discloses an invention that in fact is the work of an overlapping inventive entity and that is claimed in a continuing application listing that entity, then the presence of that subject matter in the earlier patent indicates that the present invention was already in existence as of the filing date of the parent application. And on that rationale, the invention disclosed in the earlier patent does not constitute prior art capable of anticipating the present invention.

*Purdue Pharma*, 98 F. Supp. 2d at 381. Here, the '808 patent does not claim priority to the '315 patent, and therefore the '808 patent is not a "continuing application" of the '315 patent.

Where the "inventive entity listed on a prior art patent overlaps with the inventive entity on a later patent, but is not identical to the latter entity, the prior art patent constitutes a patent 'by another' pursuant to § 102(e) and therefore is capable of anticipating the later patented invention." Id. at 380. "What is significant is not merely the differences in the listed inventors, but whether the portions of the reference relied on as prior art, and the subject matter of the claims in question, represent the work of a common inventive entity." *See Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d 1346, 1356 (Fed. Cir.2003).

Defendants here assert Adaptix cannot show this, and they rely on deposition testimony of Dr. Liu. Dr. Liu testified the inventors of the '808 patent correctly include him, Li, Mu and Yin, whereas only Liu, Li, and Mu were correctly named as inventors of the '315 patent. But Dr. Liu could not identify which inventor contributed which particular subject matter for either application. (Liu July 1, 2014 Tr. at 61:15-63:12).[1]

---

[1] According to Defendants, Dr. Liu cannot rebut the presumption that Liu, Li, Mu, and Yin are the inventive entity for the '808 patent asserted claims. Defendants request the Court find the '315 patent is prior art to the '808 asserted claims. *See Sprint Commc'ns Co. L.P. v. Comcast*

The Court, having considered the relevant briefing and arguments, finds the '315 patent is capable of anticipating the '808 patent and thus should not be excluded as prejudicial. Based on the foregoing, it is

**ORDERED** that Adaptix's Motion to Exclude Defendants' Exhibit 119 is **DENIED**.

**SIGNED** this 25th day of August, 2015.

*[signature]*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

---

*IP Holdings, LLC*, 2015 WL 452289, at *3 (D. Del. Jan. 30, 2015) (finding that an application sharing a common inventor was prior art to the asserted patent, because there was no evidence to show the common inventor was solely responsible for the asserted claims of the patent and the anticipating disclosures of the anticipating patent). The Court declines to find, in the context of briefing on an evidentiary ruling, that the '315 patent is prior art to the '808 patent as a matter of law and that it anticipates all of the asserted claims of the '808 patent as a matter of law, as urged by Defendants in their response to the motion to exclude.