IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC. | § | |
| | § | |
| V. | § | No. 6:12cv22 |
| | § | CONSOLIDATED CASE |
| ALCATEL-LUCENT USA, INC., ET AL. | § | |
| | § | |
| | § | |

**MEMORANDUM ORDER ADOPTING
THE REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

The above consolidated case was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of the case has been presented for consideration. Defendants Alcatel-Lucent USA, Inc., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, and Sprint Spectrum, L.P. ("Defendants") filed objections to the June 19, 2015 Report and Recommendation (Dkt. No. 379) regarding Defendants' Motion for Summary Judgment of Non-Infringement of the '808 Patent (Dkt. No. 274). The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

**BACKGROUND**

Two patents remain asserted in the above case: the the '283 patent and the '808 patent ("patents-in-suit"). The present motion for summary judgment pertains to the '808 patent only.

Defendants assert Adaptix has failed to raise a genuine issue of material fact as to whether the accused instrumentalities meet the "broadband spatial signature vectors" limitation of all the asserted claims of the '808 patent (claims 1, 2, 4, and 13).

## REPORT AND RECOMMENDATION

The Magistrate Judge issued a Report and Recommendation on June 19, 2015, recommending Defendants' motion for summary judgment be denied. The Magistrate Judge first noted the Court's claim construction Order did not require that "broadband spatial signature vectors" must be SDMA (Space Division Multiple Access) or otherwise must determine spatial separation between multiple subscribers. Nor is such a requirement evident from the claim language or the written description of the '808 patent, according to the Magistrate Judge. The Magistrate Judge concluded that the requirement proposed by Defendants is a specific feature of particular embodiments and should not be imported into the claims. The Magistrate Judge further found Adaptix had presented sufficient evidence to raise genuine issues of material fact as to whether a Mode 3-1 report, and the use of CQI (Channel Quality Indicator) and RI (Rank Indicator) values, meet the "broadband spatial signature vectors" limitation.

## DEFENDANTS' OBJECTIONS

According to Defendants, under Adaptix's interpretation of the '808 patent claims, as adopted by the Magistrate Judge, the base station is not required to use the subscribers' "broadband spatial signature vectors" to determine spatial separation between multiple subscribers. Defendants submit it is not clear what a "spatial characteristic" is if it is not related to the location of the subscriber. (Dkt. No. 400 at 2, n. 1). Defendants argue that combining OFDMA with SDMA and using the broadband spatial signature vectors is not just the preferred embodiment but is the only embodiment described.

Defendants assert it is undisputed that the ALU base stations in the carrier defendants' networks do not support any Space-Division Multiple Access technique. *See* 9-29-14 Wells Tr. at

69:14-16; Ex. 3 (Wells Report at ¶¶ 135, 194). However, Defendants argue the base stations do support a different technique where the base station is able to send two data streams to a single subscriber device at the same time. *See* 9-29-14 Wells Tr. at 65:8-10, 99:6-13; Ex. 3 (Wells Report at ¶¶ 66, 135-36). According to Defendants, this technique is called "single-user multiple in-multiple out ('single-user MIMO') and is referred to as 'spatial multiplexing' in the LTE standard." (Dkt. No. 400 at 3 (citing Ex. 3, Wells Report at ¶¶ 75, 201)).

Defendants contend the '808 patent uses "spatial multiplexing" as a synonym for SDMA, and Defendants submit that single-user MIMO is different from SDMA and is discussed nowhere in the patent. Defendants assert the '808 patent specification does not disclose multiple antennas on a single subscriber device, which is required for single-user MIMO. Even though claim 1 of the '808 patent does not explicitly recite SDMA, Defendants submit "claim 1 is properly limited to require a base station that uses the broadband spatial signature vectors of the subscribers to determine spatial separation between multiple subscribers." (Dkt. No. 400 at 5).

Finally, Defendants assert no reasonable jury could find a Mode 3-1 report is a "broadband spatial signature vector." According to Defendants, it does not meet the Court's construction of that term, and it does not serve the purpose of the "broadband spatial signature vectors" in the '808 patent.

## *DE NOVO* REVIEW

The claims at issue are claims 1, 2, 4, and 13. Claims 2, 4, and 13 all depend from claim 1, which recites (emphasis added):

> 1. A network comprising:
>    a base station; and

3

>       a plurality of subscriber units to communicate with the base station using an orthogonal frequency-division multiple-access (OFDMA) protocol;
>       the base station including
>           a memory to store *broadband spatial signature vectors* associated with each subscriber, the vectors being a function of frequency; and
>           traffic channel allocation logic to allocate OFDMA channels using the *broadband spatial signature vectors* of the subscribers.

Defendants argue that "Claim 1 is properly limited by the language of the claim itself, including the requirement of traffic channel allocation logic that uses the 'broadband spatial signature vectors' of multiple subscribers." (Dkt. No. 400 at 1).

Although the claim recites "using the broadband spatial signature vectors" of the subscribers, the claim does not recite that broadband spatial signature vectors must be used to spatially differentiate subscribers from one another.

Further, Defendants have not shown that spatial characteristics necessarily refer to locations or relative locations. Instead, for example, terrain or other physical characteristics of the environment can affect signals. (*See* Dkt. No. 118, Ex. AA, ADAPTIX Technology Primer at 4 ("Once in the air, radio waves reflect off of buildings, mountains, and other structures, generating numerous reflections (commonly referred to as 'multi-path') in the transmission area.")).

Finally, Adaptix has presented sufficient evidence to raise genuine issues of material fact as to whether a Mode 3-1 report, and the use of CQI and RI, meet the "broadband spatial signature vectors" limitation.

The Court, having reviewed the relevant briefing, the Report and Recommendation, and the objections, finds Defendants' objections without merit. The Court adopts the Report and

Recommendation of the Magistrate Judge as the findings and conclusions of the Court. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment of Non-Infringement of the '808 Patent (Docket Entry # 274) is **DENIED.**

**SIGNED this 25th day of August, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE