IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC. § | |
| § | |
| V. § | No. 6:12cv22 |
| § | CONSOLIDATED CASE |
| ALCATEL-LUCENT USA, INC., ET AL.§ | |

**MEMORANDUM ORDER ADOPTING**
**THE REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

The above consolidated case was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On July 17, 2015, the Magistrate Judge issued a Report And Recommendation, recommending Defendants' Motion for Summary Judgment of Non-Infringement of the '283 Patent: No "Selection by a Subscriber" be denied. (Dkt. No. 412). The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of the case has been presented for consideration. Alcatel-Lucent USA, Inc., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, and Sprint Spectrum L.P. (collectively "Defendants") filed objections to the July 17, 2015 Report and Recommendation. Plaintiff Adaptix, Inc. ("Adaptix") filed a response to the objections. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

ALU provides the base stations for use in the networks of AT&T, Verizon, and Sprint. The '283 patent-in-suit is directed to how the base stations communicate with the handsets. Of particular relevance to the present motion for summary judgment is the reporting by the handsets to the base station of channel quality information for each of the subcarriers. Specifically, the only independent claim of the '283 patent recites the step of the base station "receiving an indication of a selection by

a subscriber of one or more groups [of subcarriers]." '283 Patent, Claim 92.

Defendants moved for summary judgment, arguing the user handsets are pre-programmed to provide feedback information on all channels. Therefore, according to Defendants, there is no selection or choice of channels by the subscriber.[1] In her July 17, 2015 Report, the Magistrate Judge rejected Defendants' argument, indicating it would exclude one of the preferred embodiments explicitly disclosed in the specification. Report and Recommendation at 5. The Magistrate Judge further noted the same issue was raised, and rejected by Judge Grewal, in related litigation in the N.D. Cal. There, Judge Grewal stated "the court must allow a jury to decide whether reporting all is an absence of choice or a choice in its fullest expression." *Id*. at 6.

In their objections, Defendants assert the relevant issue is not whether the subscriber device chooses anything in CQI Reporting Mode 3 but whether the subscriber device, when operating in Mode 3, chooses one or more subbands (of subcarriers) as candidates for use. Objections at 2. According to Defendants, the Report and Recommendation does not cite any evidence showing that a subscriber device in Mode 3 chooses one or more groups of subcarriers as candidates for use. Although the Magistrate Judge cites to Dr. Wells' report, Defendants argue Dr. Wells misreads the specification and fails to cite any evidence in his report that supports Adaptix's contention that LTE subscriber devices operating in Mode 3 are programmed to select all subcarriers as candidates for use. Objections at 3, n.1 & 4.

The '283 specification specifically discloses an embodiment wherein the feedback includes information on all subcarriers:

> For downlink channels, each subscriber first measures the channel and interference

---

[1] The Court has construed "selection" to mean "choice." Report and Recommendation at 2.

> information for all the subcarriers and then selects multiple subcarriers with good performance (e.g., a high signal-to-interference plus noise ratio (SINR)) and feeds back the information on these candidate subcarriers to the base station. ***The feedback may comprise channel and interference information e.g., signal-to-interference-plus-noise-ratio information) on all subcarriers, or just a portion of subcarriers.***

Report and Recommendation at 5 (quoting '283 Patent at 3:18-26) (emphasis added in Report and Recommendation). As urged by Adaptix, the inventors expressly contemplated that one embodiment of "selecting" was providing feedback information with respect to all subcarriers. The Court agrees with the Magistrate Judge's rejection of Defendants' position, as it would exclude this embodiment of selecting.

The Court, having reviewed the relevant briefing, the Report and Recommendation, the objections, and the response to the objections, finds Defendants' objections without merit. The Court agrees with the Magistrate Judge that there is a genuine dispute as to whether the transmission of CQI reports on all subcarriers performs the claimed method. The Court adopts the Report and Recommendation of the Magistrate Judge as the findings and conclusions of the Court. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment of Non-Infringement of the '283 Patent: No "Selection by a Subscriber" (Dkt No. 273) is **DENIED**.

SIGNED this 25th day of August, 2015.

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE