**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT USA, INC.,<br>et al.<br><br>Defendants. | Civil Action 6:12-cv-0022<br>LEAD CASE |

**DEFENDANTS' RESPONSE TO THE MEMORANDUM OF ADAPTIX OBJECTING TO RULING ALLOWING CONSIDERATION OF THE '315 PATENT AS PRIOR ART**

Defendants Alcatel-Lucent USA, Inc., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, and Sprint Spectrum L.P. (collectively "Defendants") respectfully respond to the Memorandum of Adaptix Objecting to Ruling Allowing Consideration of the '315 Patent as Prior Art. (Dkt 500.)

Adaptix has tried many times to exclude the '315 patent as prior art, and each of its highly duplicative motions have been denied. First, Adaptix moved for summary judgment that the '315 patent could not be used in an obviousness analysis because the named inventors on the '315 patent purportedly assigned their rights to Broadstorm. (Dkt. 270.) The Magistrate Judge denied this motion. (Dkt. 407.) Then, Adaptix moved *in limine* to exclude the '315 patent as prior art, purportedly because it was invented by the same inventive entity as the '808 patent. (Dkt. 416.) That motion was also denied. (Dkt. 446.)

Adaptix requested another round of briefing on this issue during the preliminary pretrial conference, which request Magistrate Judge Craven granted. Adaptix moved to exclude DX119, the '315 patent, raising the same arguments made in its previous motion *in limine*. (Dkt. 461.)

1

Having then analyzed this additional set of briefing, the Magistrate Judge held, once again, that the '315 patent was properly prior art to the '808 patent.  (Dkt. 485.)  In its Objection, Adaptix now simply repeats (in places, *verbatim*) previous arguments in its prior briefings.  In particular, in its Objection now before the Court, Adaptix includes some of the very same passages from its original motion to exclude DX119—passages Magistrate Judge Craven had already read before denying Adaptix's original motion.  (*Compare* Dkt. 500 at 2-4 (Facts, Argument, History, Case Law) *to* Dkt. 461 (same).)

Magistrate Judge Craven agreed with Defendants, that both cases relied on by Adaptix—*Abbott GmbH* and *Applied Materials*—were distinguishable from this case.  (Dkt. 485 at 2-3.)  In *Abbott*, three scientists attended a brainstorming meeting and came up with ideas.  *Abbott GmbH & Co. v. Centocor Ortho Biotech, Inc.*, 870 F.Supp.2d 206, 239-40 (D. Mass. 2012).  The Defendant claimed that because those scientists were a subset of the inventors of the patent, they were a different inventive entity.  *Id*.  The Court found that because the meeting was only "the conception of a generic idea[,]" it did not constitute conception of the patented invention.  *Id*.  Magistrate Judge Craven agreed—that the "wish to know" in the brainstorming meeting was not analogous to the '315 patent in this case.  (Dkt. 485 at 2.)

The *Purdue Pharma* case explains how *Applied Materials* is distinguishable from this case, clarifying that *Applied Materials* only held *a continuing application* could not anticipate a *parent patent* where the inventive entity was overlapping.  *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 98 F.Supp.2d 362, 381 (S.D.N.Y.2000).  Defendants made these arguments in its opposition to Adaptix's original motion, and Magistrate Judge Craven rightly agreed with Defendants—there is no similar continuing application in this case.  (Dkt. 485 at 3.)

There is also no evidence showing the contributions, or lack thereof, of the common

inventors of the '315 patent and the '808 patent. Dr. Liu could not testify as to who was responsible for what claimed subject matter in the '808 patent. (Ex. D (Liu July 1, 2014 Tr.) at 61:15-63:12, Dkt. 468-5.) Without this evidence, the '315 patent is prior art to the '808 patent and should not be excluded. *See Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d 1346, 1356 (Fed. Cir. 2003); *Sprint Commc'ns Co. L.P. v. Comcast IP Holdings, LLC*, No. 12-1013-RGA, 2015 WL 452289, at *3 (D. Del. Jan. 30, 2015). A patent "by a different inventive entity, whether or not the application shares some inventors in common with the patent, is **prima facie evidence** that the invention was made 'by another' as set forth in [102(e)]." MPEP § 2136.04 (emphasis added). Adaptix has no evidence to rebut this presumption.

For the foregoing reasons, and for the reasons laid out in Defendants' original briefing (Dkt. 468), Adaptix's Objection should be denied.

DATED: September 9, 2015                 Respectfully submitted,

By: */s/ Stephen A. Swedlow*

David A. Nelson
Stephen A. Swedlow (*pro hac vice*)
Brianne M. Straka (*pro hac vice*)
Marc L. Kaplan (*pro hac vice*)
Lauren Hillemann (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan LLP
500 W. Madison St.
Suite 2450
Chicago, IL 60661
Tel: (312) 705-7400

Michael E. Jones
State Bar No. 10929400
John F. Bufe
State Bar No. 3316930
Allen F. Gardner
State Bar No. 24043679
**POTTER MINTON, P.C.**
110 N. College, Suite 500
Tyler, Texas 75702

*Attorneys for Defendants Alcatel-Lucent USA, Inc. and AT&T Mobility LLC*

By: */s/ Geoffrey M. Godfrey*
Mark D. Flanagan
Robert M. Galvin
Geoffrey M. Godfrey
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Fax: (312) 858-6100
Mark.Flanagan@wilmerhale.com
Robert.galvin@wilmerhale.com
Geoff.godfrey@wilmerhale.com

Michael E. Jones
Patrick C. Clutter, IV
**POTTER MINTON, P.C.**
110 N. College, Suite 500

Tyler, Texas 75702
Telephone: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for Defendant Cellco Partnership d/b/a Verizon Wireless*

By  /s/ Mark W. McGrory
Mark W. McGrory (*pro hac vice*)
ERISE IP
6201 College Boulevard, Suite 300
Overland Park, KS 66211
Office: 913-777-5600
Fax: 913-777-5601
Direct: 913-777-5643
Email: mark.mcgrory@eriseip.com

Michael E. Jones
State Bar No. 10929400
John F. Bufe
State Bar No. 3316930
Allen F. Gardner
State Bar No. 24043679
**POTTER MINTON, P.C.**
110 N. College, Suite 500
Tyler, Texas 75702
Tele: (903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com
allengardner@potterminton.com
johnbufe@potterminton.com

*Attorneys for Defendant Sprint Spectrum L.P.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served a copy of this pleading.

Dated: September 9, 2015                    */s/ Stephen A. Swedlow*
                                                                              Stephen A. Swedlow