**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ADAPTIX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 6:12-CV-22 |
| ALCATEL-LUCENT USA, INC., ET AL., | § | LEAD CASE |
| | § | |
| Defendants. | § | |

## ORDER OF CLARIFICATION

Based on findings at the November 18, 2015 evidentiary hearing, the Court granted Plaintiff's request to exclude the '315 Patent as prior art to the '808 Patent under 35 U.S.C. § 102(e) but denied Plaintiff's request to exclude the '315 Patent as prior art under § 102(g) and § 103(c).  Docket No. 567.  In granting Plaintiff's request to exclude the '315 Patent as prior art under § 102(e), the Court found that the '808 Patent's conception date is August 9, 2000 and that the patentee exercised due diligence in constructively reducing the invention to practice during the critical period.  *Id*. at 1–4.  The parties agree that based on these findings, the '315 Patent is also not prior art under § 102(g) or § 103(c).  Docket No. 602 at 3–4.  Therefore, Defendants did not present the '315 Patent to the jury as part of Defendants' invalidity case.

Accordingly, the Court **CLARIFIES** its December 7, 2015 Order Regarding the '315 Patent as Prior Art to hold that the '315 Patent is not prior art to the '808 Patent under § 102(e), § 102(g) or § 103(c).

So ORDERED and SIGNED this 29th day of December, 2015.

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE